# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| SCOTTIE BALTIMORE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 05-4077 |
| ROGER E. WALKER, Director, Illinois Department of Corrections, | ) |
| Respondent. | ) |

## ORDER

Before the Court is an Affidavit filed by Scottie Baltimore. The Affidavit asks this Court to reconsider its decision denying Baltimore habeas corpus relief under 28 U.S.C. § 2254 and to grant him an extension of time to file a Notice of Appeal, as he has just learned that he needs to file a Motion for Certificate of Appealability.

In keeping with the practice of this Court, the Court docketed this Affidavit as a Notice of Appeal to ensure that Baltimore's appeal was timely filed with the Court of Appeals. Additionally, as is the practice in this Court, the Court construes the instant Affidavit/Notice of Appeal as a Motion for a Certificate of Appealability. Accordingly, Baltimore's request for an extension of time to file his notice of appeal is moot as this Court will address the merits of his Motion for Certificate of Appealability herein.

## BACKGROUND

Baltimore was convicted in the Circuit Court of Rock Island County, Illinois, of two counts of first-degree murder. He was sentenced to 55 years imprisonment. Baltimore appealed his conviction and on August 1, 1997, the Illinois Appellate Court affirmed the circuit court's

ruling on the motion to suppress but remanded the case for the circuit court to inquire into Baltimore's ineffective assistance of counsel claim. On remand, the circuit court rejected Baltimore's ineffective assistance of counsel claim. Baltimore appealed and the appellate court affirmed the circuit court's decision. On January 29, 2001, the Illinois Supreme Court rejected Baltimore's petition for leave to appeal.

On approximately April 4, 2001, Baltimore filed a post-conviction petition and on May 8, 2002, filed an amended petition for post-conviction relief. On June 27, 2002, the circuit court denied the petition and the Illinois Appellate Court affirmed.

Baltimore did not file a timely appeal to the Illinois Supreme Court; however, on January 3, 2005, Baltimore filed a motion for leave to file a late petition for leave to appeal. The Court allowed the motion on March 21, 2005, and on May 5, 2005, denied the petition for leave to appeal. Baltimore filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 16, 2005. On May 26, 2006, this Court denied Baltimore's habeas petition as untimely because it was filed over one year after his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

### A.    Motion to Reconsider

Baltimore's first argument is that the Court should reconsider its ruling on his 28 U.S.C. § 2254 motion in light of the decision in *Smith v. Battaglia*, 415 F.3d 649 (7th Cir. 2005). In *Smith*, the State Appellate Court addressed the merits of Smith's claim although the Court mentioned that Smith's post-conviction petition may not have been properly filed because it was untimely. *Smith,* 415 F.3d at 652. As a result of this finding, the district court review of Smith's § 2254 petition found that the statute of limitations of § 2244(d)(1) was not tolled during the time period that the post-conviction petition was pending because the post-conviction petition was not

2

properly filed.  *Id.*  The Seventh Circuit reversed the District Court's decision finding that the state court's opinion did not unambiguously find that Smith's post-conviction petition was not properly filed and the state court's ruling on the merits of Smith's claim was enough to consider the post-conviction petition as properly filed.  *Id.* at 653.  Accordingly, the Court of Appeals found that the § 2254 petition was timely because the properly filed post-conviction petition tolled the one year statute of limitations set forth in 28 U.S.C. § 2244(d).  *Id.* at 653–54.  In reviewing the *Smith* case, it appears that Baltimore is arguing that the decision in *Smith* somehow requires this Court to find that his petition was timely.  However, unlike *Smith*, there was no question in the instant case regarding whether Baltimore's state court post-conviction petition was properly filed.  The petition was properly filed and therefore the statute of limitations was tolled during the pendency of the proceedings.  However, even without counting the time that the petition was pending and the statute of limitations was tolled, Baltimore's petition was untimely.  Accordingly, to the extent that Baltimore's Affidavit is a Motion to Reconsider, the motion is denied.

   **B.**  **Motion for Certificate of Appealability**

  Baltimore's second request is for this Court to issue a Certificate of Appealability thereby allowing him to appeal this Court's denial of his habeas petition to the Seventh Circuit.  Title 28 U.S.C. § 2253(c)(1) provides that an appeal from the denial of a habeas petition may not be taken "[u]nless a circuit justice or judge issues a certificate of appealability . . ."  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In the instant case, Baltimore has clearly exceeded the one-year statute of limitations for filing a habeas petition, the Court concluded that his claim must be denied.  Nothing in Baltimore's Motion for Certificate of Appealability

changes this conclusion. Baltimore has therefore failed to make a substantial showing of the denial of a constitutional right. Having found no issue in this proceeding which warrants appellate review, this Court cannot, in good faith, issue a certificate of appealability for his §2254 petition. Accordingly, for the reasons set forth herein, Baltimore's Motion for Certificate of Appealability.

## CONCLUSION

For the reasons set forth above, Baltimore's Affidavit, which the Court construes as a (1) Notice of Appeal; (2) a Motion to Reconsider his denial of habeas relief; and (3) a Motion for a Certificate of Appealability [#16] is DENIED.

ENTERED this 31st day of July, 2006.

                                                         s/Michael M. Mihm
                                                         Michael M. Mihm
                                                         United States District Judge